Gurdeep Singh KATTAURA, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 12–70349.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 14, 2013.*

Filed Aug. 16, 2013.

Gurdeep Singh Kattaura, California
City, CA, James Phillip Vaughns, Oakland,
CA, for Petitioner.

Matthew B. George, OIL, DOJ–U.S. Department of Justice, Washington, DC,
ICE, Chief Counsel, Office of the Chief
Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, GRABER, and
PAEZ, Circuit Judges.

MEMORANDUM **

Gurdeep Singh Kattaura, a native and
citizen of India, petitions for review of the
order of the Board of Immigration Appeals
("BIA") dismissing his appeal from the
removal order of an immigration judge
("IJ"). We dismiss the petition for review.

We lack jurisdiction to review the agency's removal order because Kattaura's admissions before the IJ establish that he is
removable under 8 U.S.C.
§ 1227(a)(2)(A)(iii) due to his conviction for
possession for sale of a controlled substance under California Health & Safety
Code § 11378. See 8 U.S.C.
§ 1252(a)(2)(C) (eliminating appellate jurisdiction to review removal orders predicated on aggravated felonies); see also
Pagayon v. Holder, 675 F.3d 1182, 1189
(9th Cir.2011) (per curiam) (holding that a
petitioner's pleading-stage admissions and
concessions may be sufficient to establish
removability). Kattaura's claim that he
did not receive the same treatment as
another alien with the same conviction is
not sufficiently colorable to invoke our jurisdiction under 8 U.S.C. § 1252(a)(2)(D).
See Martinez–Rosas v. Gonzales, 424 F.3d
926, 930 (9th Cir.2005) ("To be colorable in
this context, the alleged violation need not
be substantial, but the claim must have
some possible validity." (citation and internal quotation marks omitted)).

We also lack jurisdiction to consider
Kattaura's claim that the IJ failed to timely provide him with copies of the record
relating to his conviction, because he failed
to exhaust this claim before the BIA. See
Tijani v. Holder, 628 F.3d 1071, 1080 (9th
Cir.2010).

We deny Kattaura's request to supplement the administrative record. See 8
U.S.C. § 1252(b)(4)(A).

**PETITION FOR REVIEW DISMISSED.**

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.